UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO E. HERRERA, | Case No. 1:19-cv-01150-JDP |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE SUMMARILY DISMISSED AS UNTIMELY |
| v. | |
| ROBERT NOUSHMEN, | ECF No. 1 |
| Respondent. | OBJECTIONS DUE IN FOURTEEN DAYS |

Petitioner Armando E. Herrera, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The matter is before the court for review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Because it appears that the petition is untimely, we order petitioner to show cause why his petition should not be summarily dismissed.

**Statute of Limitations**

This court may raise the statute of limitations *sua sponte* when reviewing a habeas petition. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039,

1042 n.3 (9th Cir. 2001) (Federal district courts may consider the timeliness of a state prisoner's habeas petition to serve the interests of judicial efficiency.).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitioners seeking habeas relief under section 2254 must comply with the statute of limitations set by 28 U.S.C. § 2244(d), which provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute of limitations period can be tolled in various ways. For example, a petitioner may be afforded statutory tolling under sections 2244(d)(1)(B-D) and section 2244(d)(2). A petitioner can obtain equitable tolling if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Williams v. Filson*, 908 F.3d 546, 558 (9th Cir. 2018) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Petitioner asserts three grounds for relief: (1) ineffective assistance of counsel, (2) due process violations during his criminal trial, and (3) unlawful application of a gang enhancement. *See* ECF No. 1 at 4-5. Petitioner's direct appeal of his criminal conviction was affirmed in part

and remanded with directions to the trial court on October 13, 2017. *See id*. at 336. Petitioner's petition for review before the state supreme court was denied on January 17, 2018. *See id*. at 197. The expiration of the time for seeking direct review was 90 days later, on April 17, 2018. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (finding that the time within which petitioner could have filed a petition for certiorari from the United States Supreme Court expired 90 days after the state supreme court denied his petition for direct review). Absent any tolling, petitioner had one year, until April 17, 2019, to file his federal petition.[1]

Here, petitioner filed his federal petition on August 20, 2019—over four months after the April 17, 2019 deadline. Because the record indicates that the petition falls outside the one-year time period, "petitioner has the burden of demonstrating that he is entitled to tolling." *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002), abrogated on other grounds by *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Therefore, petitioner must explain to this court how his petition complies with section 2244(d).

**Order**

Within fourteen days from the date of service of this order, petitioner must show cause why the court should not summarily dismiss the petition. Failure to comply with this order may result in the dismissal of the petition.

IT IS SO ORDERED.

Dated:    February 9, 2020

UNITED STATES MAGISTRATE JUDGE

No. 206.

---

[1] Petitioner states that he did not seek collateral review of his conviction at the state level and has not presented any documentation of such review. *See* ECF No. 1 at 2-3. Moreover, petitioner has neither argued he is entitled to tolling under one of the narrow exceptions of sections 2244(d)(1)(B-D), nor has he claimed he should be entitled to equitable tolling.

3