UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO E. HERRERA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>ROBERT NOUSHMEN,<br><br>　　　　　Respondent. | Case No.　1:19-cv-01150-NONE-JDP<br><br>ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME<br><br>ECF No. 15<br><br>ORDER TO SHOW CAUSE WHY MOTION TO STAY PETITION SHOULD NOT BE DENIED<br><br>OBJECTIONS DUE IN 60 DAYS<br><br>ECF No. 16 |

　　　　Petitioner Armando E. Herrera, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  ECF No. 1.  Respondent moved to dismiss the petition for petitioner's failure to exhaust all his claims before the state courts.  ECF No. 11.  Before us now are petitioner's motion for an extension of time to respond to the motion to dismiss, ECF No. 15, and his motion to stay and hold his petition in abeyance so that he may exhaust his claims, ECF No. 16.  For good cause shown, we will grant petitioner's motion for an extension of time to respond to the motion to dismiss.  ECF No. 15.

　　　　With respect to petitioner's motion to stay, respondent argues that petitioner has failed to show the "good cause" necessary for a stay and abeyance of his petition under *Rhines*.  ECF No. 17.  We agree.  Because petitioner has failed to show good cause for his failure to exhaust some

of his claims, we will provide him with notice of his options for how this case may proceed and order him to show cause why his motion to stay should not be denied. See *Tillema v. Long*, 253 F.3d 494, 503 (9th Cir. 2001) (explaining that "outright dismissal [of a partially exhausted habeas petition] without leave to amend of the petitioner's federal habeas petition [is] improper," and "that district courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking their unexhausted claims").

I.   Discussion

    a.   *Rhines* Stay

Petitioner seeks a stay and abeyance under the *Rhines* procedure. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). Under *Rhines*, a stay and abeyance is available only where: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277-78. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* Therefore, a "stay and abeyance should be available only in limited circumstances. *Id*.

"There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust." *Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014). Although good cause under *Rhines* does not require a showing of "extraordinary circumstances," *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005), a petitioner must do more than simply assert that he was "under the impression" that his claim was exhausted, *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). "[U]nspecific, unsupported excuses for failing to exhaust—such as unjustified ignorance—[do] not satisfy the good cause requirement." *Blake*, 745 F.3d at 981. Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" his failure to exhaust his claims. *Id*. at 982.

Here, petitioner has exhausted some of his claims at the state level, while leaving others unexhausted.[1]  *See* ECF No. 11 at 2-3.  Petitioner states that he has been unable to exhaust all his claims because his appellate counsel failed to follow-up after the denial of his direct appeal and "in all respects, abandoned" him.  ECF No. 16 at 2.  Although "[a] petitioner who is without counsel in state post-conviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel," *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017), petitioner had counsel at his direct appeal and he has failed to provide any evidence that his counsel failed to contact him after his appeal was rejected.  On the contrary, petitioner has presented a letter from his appellate counsel which reveals that his counsel promptly notified him that his conviction was affirmed on appeal, provided him with a copy of his entire appeal record, and provided him with instructions and the filing deadline for seeking review before the California Supreme Court.  ECF No. 7 at 3.

Moreover, petitioner has failed to seek any state-level habeas relief and his ostensible lack of counsel since the denial of his direct appeal does not constitute good cause for his failure to do so.  The factual predicates of petitioner's unexhausted claims were apparent to him at the time of his trial in 2014.  District courts in this Circuit have found that "*Dixon* does not apply and good cause is lacking when a [pro se] petitioner has not filed any relevant state habeas petitions, particularly when there is evidence that the petitioner has not been expeditious in seeking relief."  *See Stacy v. Gastelo*, No. CV 17-5482-RGK (JPR), 2018 U.S. Dist. LEXIS 61656, at *2 (C.D. Cal. Feb. 20, 2018) (citing *Dixon*, 847 F.3d at 721) (finding no good cause for a *Rhines* stay where the petitioner did not file any habeas petition in state court and his filings did not supply an explanation for not diligently pursuing his state remedies); *Sangurima v. Montgomery*, No. 2:17-cv-05022-PSG-KES, 2017 U.S. Dist. LEXIS 217018, at *7-8 (C.D. Cal. Dec. 12, 2017) (finding no good cause for a *Rhines* stay where petitioner had not filed any state habeas petition and moved for a stay only in response to a federal order to show cause).

---

[1] Petitioner has failed to exhaust his claims of ineffective assistance of trial counsel and a trial court violation of *Apprendi*.  *See Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Petitioner also states that he is a "layman to the law" and is "seeking the assistance of individuals incarcerated with him." ECF No. 16 at 2. However, mere ignorance of the law is insufficient to demonstrate good cause because such a determination "would render stay-and-abeyance orders routine" and would be contrary to *Rhines*' instruction that district courts should only stay mixed petitions in "limited circumstances." *See Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008); *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (noting that ignorance of the law does not constitute an excuse from due diligence); *Alcaraz v. Giurbino,* No. CIV S-05-1597, 2009 U.S. Dist. LEXIS 114017, at *2 (E.D. Cal. Dec. 8, 2009) (finding that ignorance of the law does not establish good cause for failure to exhaust).

Therefore, petitioner has not demonstrated good cause for his failure to exhaust his claims.[2] He is ordered to show cause why his motion to stay his petition should not be denied. In his response, petitioner should "set forth a reasonable excuse, supported by sufficient evidence, to justify" his failure to exhaust his claims under *Rhines*. *See Blake*, 745 F.3d at 981. Petitioner should provide all relevant evidence in support of his motion, which may include correspondence with and affidavits from previous counsel.

**b.  *Kelly* Stay**

In the alternative, petitioner requested to proceed with a stay under *Kelly*. ECF No. 16 at 3. However, considering the procedural posture of petitioner's case, a stay under *Kelly* may foreclose petitioner from seeking federal relief on his unexhausted claims altogether. Under *Kelly*, a case moves through three stages: first, the petitioner amends his petition to delete any unexhausted claims; second, the court, in its discretion, stays the amended, fully-exhausted

---

[2] Because petitioner has failed to meet the first prong of *Rhines*, we need not address the remaining prongs. However, we briefly note that petitioner's unexhausted claims do not appear "plainly meritless" because they state violations of "clearly established federal law," as required by § 2254(d)(1). And we have no reason to believe that petitioner engaged in "dilatory litigation tactics," such as "abusive litigation tactics or intentional delay." *See Rhines*, 544 U.S. at 278. Petitioner sought federal review in a timely manner, ECF No. 11 at 2, and states that the instant petition was filed as a "protective" measure, as contemplated by *Rhines* and *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), ECF No. 16 at 2.

4

petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and third, once the deleted claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition, adding the newly-exhausted claims. *See Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2002).

But, under *Kelly*, petitioner will only be able to amend his petition with his newly-exhausted claims if those claims are "timely." *See King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Under *Kelly*, his amended petition will be timely if either (1) the amended petition is filed within AEDPA's statute of limitations,[3] *see* 28 U.S.C. § 2244(d), or (2) the new claim "relates back" to his claims in his initial petition. *See King*, 564 F.3d at 1143; *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Here, petitioner has already been forewarned that his federal petition appears untimely.[4] ECF No. 6. A stay under *Kelly* "does nothing to protect a petitioner's unexhausted claims from untimeliness." *King*, 564 F.3d at 1141. And petitioner may have trouble showing how his claims of ineffective assistance of counsel and an *Apprendi* violation relate back to his initial claims. A claim that simply arises from "the same trial, conviction, or sentence" does not necessarily relate back to the initial claims. *See Mayle*, 545 at U.S. 659. To "relate back," the new claim must share a "common core of operative facts" with the claims in the pending petition. *Id*.

For these reasons, if petitioner wishes to proceed under *Kelly*, we will require him to notify this court of his intention in his response to this order. Petitioner should carefully consider the implications of this option, as it may completely preclude him from seeking federal relief on his unexhausted claims.

### c. Proceeding with Exhausted Claims Only

Alternatively, petitioner may elect to dismiss his unexhausted claims and proceed with his exhausted claims only. Considering that petitioner may not be able to show good cause under

---

[3] Absent rare circumstances, a federal habeas petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

[4] Accordingly, petitioner may have to prove he is entitled to equitable tolling in future proceedings of this case. ECF No. 8.

*Rhines* and that a stay under *Kelly* is unlikely to provide petitioner with the relief he seeks, dismissing his unexhausted claims may be petitioner's only opportunity to seek federal habeas relief in any form.

## II.     Order

Petitioner's motion for an extension of time to file an opposition to respondent's motion to dismiss is granted.  ECF No. 15.  Petitioner's opposition is due within 60 days of the date of service of this order.

Furthermore, within 60 days of the date of service of this order, petitioner is ordered to show cause why his motion to stay his petition should not be denied.  Petitioner may respond with: (1) arguments and evidence demonstrating good cause under *Rhines* for his failure to exhaust his claims; (2) his intention to proceed with a stay under *Kelly*; or (3) his intention to dismiss his unexhausted claims and proceed with his exhausted claims only.

IT IS SO ORDERED.

Dated:  July 13, 2020                                            _____
                                                                                UNITED STATES MAGISTRATE JUDGE

No. 206.