UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO E. HERRERA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ROBERT NOUSHMEN,<br><br>　　　　　Respondent. | Case No.   1:19-cv-01150-NONE-HBK<br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND PETITION<br><br>(Doc. No. 19)<br><br>ORDER DISMISSING AS MOOT RESPONDENT'S MOTION TO DISMISS AND PETITIONER'S MOTION TO STAY<br><br>(Doc. Nos. 11, 16)<br><br>ORDER REQUIRING RESPONSE TO AMENDED PETITION FOR WRIT OF HABEAS CORPUS, SETTING BRIEFING SCHEDULE, AND DIRECTING SERVICE OF DOCUMENTS<br><br>(Doc. No. 20) |

### I.　　FACTS AND BACKGROUND

Petitioner Armando E. Herrera, a state prisoner, has pending a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). On May 12, 2020, respondent moved to dismiss the petition, arguing that because some of petitioner's claims are unexhausted the petition is subject to dismissal. (Doc. No. 11). On June 4, 2020, petitioner moved for a stay and abeyance of his petition for the purpose of exhausting his unexhausted claims before the state courts. (Doc. No. 16). Respondent opposed petitioner's motion to stay. (Doc. No. 17). On July 14, 2020, this court issued an order to

show cause why petitioner's motion to stay should not be denied. (Doc. No. 18). In that order, the court explained the "good cause" requirement petitioner must meet in order to be granted a stay under *Rhines v. Weber*, 544 U.S. 269, 277 (2005), or in the alternative, the timeliness requirements for a stay under *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2002). (*Id*. at 2-5). Additionally, the court explained that petitioner may move to dismiss his unexhausted claims and proceed with his exhausted claims only. (*Id*. at 5-6). In response to the order to show cause, petitioner filed a "motion to dismiss unexhausted claims with amended petition" and an amended petition. (Doc. Nos. 19, 20). In his motion, petitioner states that he is unsure he will meet the good cause requirement under *Rhines* or the timeliness requirements of *Kelly* and accordingly wishes to proceed with his exhausted claims only. (Doc. No. 19 at 1).

II.     APPLICABLE LAW

"A habeas petition 'may be amended or supplemented as provided in the rules of procedure applicable to civil actions.'" *Alfaro v. Johnson*, 862 F.3d 1176, 1183 (9th Cir. 2017) (quoting 28 U.S.C. § 2242); *see also* R. Governing Section 2254 Cases 12 (recognizing general applicability of rules of civil procedure in habeas cases). "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). An amended petition supersedes the original petition, "the latter being treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967); *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc); L.R. 220.

III.    ANALYSIS

The court will construe petitioner's "motion to dismiss unexhausted claims with amended petition" as a motion to amend his petition. (Doc. No. 19). Because this court is to "freely give leave" to amend a petition "when justice so requires," the court will grant petitioner's motion to amend and accordingly deems the amended petition as the operative petition in this case. (Doc. No. 20); Fed. R. Civ. P. 15(a)(2). In light of the amended petition, respondent's motion to dismiss (Doc. No. 11) and petitioner's motion to stay (Doc. No. 16) are now moot.

The amended petition (Doc. No. 20) is now before the court for preliminary review under Rule

4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). It does not plainly appear that petitioner is not entitled to relief. Therefore, the court will order the respondent to respond to the amended petition, set a briefing schedule, and direct service of documents.

Accordingly, it is ORDERED:

1. Petitioner's motion to amend petition (Doc. No. 19) is GRANTED.
2. Respondent's motion to dismiss (Doc. No. 11) is DISMISSED as moot.
3. Petitioner's motion to stay (Doc. No. 16) is DISMISSED as moot.
4. Within sixty days of the date of service of this order, respondent must file a response to the amended petition.
5. A response may be one of the following:
   a. An answer addressing the merits of the petition. Any argument by respondent that petitioner has procedurally defaulted a claim must be raised in the answer, which must also address the merits of petitioner's claims.
   b. A motion to dismiss the petition.
6. Within sixty days of the date of service of this order, respondent must file all transcripts and other documents necessary for resolving the issues presented in the petition. *See* R. Governing Section 2254 Cases 5(c).
7. If respondent files an answer to the petition, petitioner may file a reply within thirty days of the date of service of respondent's answer. If no reply is filed within thirty days, the petition and answer are deemed submitted.
8. If respondent moves to dismiss, petitioner must file an opposition or statement of non-opposition within twenty-one days of the date of service of respondent's motion. Any reply to an opposition to the motion to dismiss must be filed within seven days after the opposition is served. The motion to dismiss will be considered submitted twenty-eight

3

days after the service of the motion or when the reply is filed, whichever comes first. *See* Local Rule 230(l).

9. Respondent must complete and return to the court within thirty days a form stating whether respondent consents or declines to consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c)(1).

10. The clerk of the court is directed to serve a copy of this order on the state attorney general or the state attorney general's representative.

IT IS SO ORDERED.

Dated:   March 9, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE