UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO E. HERRERA,<br><br>             Petitioner,<br><br>        v.<br><br>ROBERT NOUSHMEN,<br><br>             Respondent. | Case No.   1:19-cv-01150-NONE-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS UNTIMELY CLAIMS[1]<br><br>14-DAY OBJECTION PERIOD<br><br>(Doc. No. 24) |

Pending before the Court is Respondent's motion to dismiss filed May 10, 2021. (Doc. No. 24). Respondent moves for dismissal of grounds two and three of Petitioner's Amended Petition on the basis that these grounds are time-barred. (*Id.*). Petitioner filed a response to the motion to dismiss. (Doc. No. 27). Upon review of the pleadings and applicable law, the undersigned finds grounds two and three of the Amended Petition do not relate back to the original Petition and are untimely. Accordingly, the undersigned recommends Respondent's motion to dismiss grounds two and three of the Amended Petition be granted.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

1

**BACKGROUND**

State prisoner, Petitioner Armando E. Herrera ("Petitioner" or "Herrera"), initiated this action by constructively filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 on August 20, 2019.[2] (Doc. No. 1, "Petition"). The Petition challenged Herrera's judgment of conviction for: (count 1) second degree murder (count 1); (count two) shooting at an occupied dwelling; and (count 3) carrying a loaded firearm in public while actively participating in a criminal street gang. (*Id*.). The state superior court resentenced Herrera to an indeterminate sentence of 40 years to life on May 1, 2018. (*Id*.). The Petition contained the following grounds and sub-grounds for relief: (1) (a) insufficiency of the evidence, and (b) ineffective assistance of trial counsel for (i) not raising a vital issues, (ii) not providing Herrera with the April 6, 2014 police report until after trial, (iii) not allowing Herrera to testify, (iv) not suppressing gun evidence, and (v) not arguing relevant case law during sentencing; (2) due process violations stemming from Herrera's not being able to testify at trial; and (3) unlawful application of the gang enhancement. (*Id*. at 4-5). On May 12, 2020, Respondent moved to dismiss the Petition on the basis that most[3] of the grounds in the Petition were unexhausted, and unless Herrera could show he was entitled to a stay, the Petition was subject to dismissal as a mixed petition. (Doc. No. 11). On June 4, 2020, Herrera moved for a stay and abeyance of his Petition for the purpose of exhausting his unexhausted claims before the state courts. (Doc. No. 16). Respondent opposed the motion to stay. (Doc. No. 17). On July 14, 2020, the then-assigned magistrate judge issued an order to show cause to Petitioner why his motion to stay should not be denied. (Doc. No. 18). In that order, the then assigned magistrate judge provided Herrera an opportunity to show good cause under *Rhines v. Weber*, 544 U.S. 269, 277 (2005) and explained his options under *Kelly v. Small*, 315 F.3d 1963, 1070-71 (9th Cir. 2002), as well as his option to dismiss his unexhausted claims and proceed with his exhausted claims only. (*Id*. at 5-6). Herrera notified the

---

[2] The Court applies the "prison mailbox rule" to *pro se* prisoner petitions, deeming the petition filed on the date the prisoner delivers it to prison authorities for forwarding to the clerk of court. *Houston v. Lack*, 487 U.S. 266 (1988). The Court applies the mailbox rule to Petitioner's initial Petition and Amended Petition.
[3] Specifically, Respondent argued all of Petitioner's ineffective assistance of counsel claims and his claim predicated upon his inability to testify were unexhausted.

1  Court that he wished to dismiss his unexhausted claims and proceed with only his exhausted
2  claims. (Doc. No. 19). Herrera accompanied his notice with his Amended Petition. (Doc. No.
3  20).
4        The Amended Petition identifies three grounds for relief: (1) insufficiency of the
5  evidence; (2) trial court error for refusing to bifurcate the gang allegations; and (3) due process
6  violations stemming from the trial court destruction of records necessary for appellate review.
7  (*Id*. at 7-15). In response, Respondent filed the instant motion to dismiss seeking the dismissal of
8  grounds two and three in the Amended Petition as untimely. (Doc. No. 24). In support,
9  Respondent relies on the state court record previously filed in this matter. (Doc. No. 13).
10 Respondent concedes that the initial Petition was timely filed. (Doc. No. 24 at 3). Respondent
11 also concedes that the first ground raised in the initial Petition—whether the evidence was
12 insufficient to support his conviction (Doc. No. 1 at 4)—is the same claim as ground one in the
13 Amended Petition and is timely (Doc. No. 20 at 7-9). At issue are grounds two and three in the
14 Amended Petition. Respondent argues these grounds are untimely and should be dismissed
15 because both grounds were raised for the first time in Petitioner's Amended Petition, filed on
16 September 3, 2020, three months after AEDPA's statute of limitations expired. (Doc. No. 24 at
17 2-3). Respondent argues that because grounds two and three do not "relate back" to any of the
18 grounds raised in the initial Petition, they are untimely and should be dismissed. (Doc. No. 24 at
19 2-3). In opposition, Herrera argues the ground three relate back because the "new claims are
20 based on the same facts as the original pleading and only change[] the legal theory." (Doc. No.
21 27 at 2). Herrera concedes that claim two in the Amended Petition, refusing to bifurcate the gang
22 allegations, does not relate back to the original Petition. (*Id*. at 3). Regardless of this concession,
23 the undersigned considers both grounds two and three.

## II. APPLICABLE LAW

### A. AEDPA's Statute of Limitations

26       Title 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act
27 of 1996, sets a one-year period of limitations to the filing of a habeas petition by a person in state
28 custody. This limitation period runs from the latest of:

3

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Herrera does not allege, nor does it appear from the pleadings or the record, that the statutory triggers in subsections (B)-(D) apply. Thus, the limitations period began to run on the date Herrera's conviction became final. 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009).

Herrera was originally sentenced for his crimes of conviction on July 25, 2014. (Doc. No. 13-1 at 2). Herrera's sentence was subjected to multiple enhancements. (*Id.*). Herrera directly appealed his conviction. On October 13, 2017, the California Court of Appeal affirmed two of his counts, reduced one count to a misdemeanor, reversed the gang enhancements and remanded the case to the superior court to allow the prosecutor the opportunity to retry the gang enhancements or, in the alternative, for the superior court to resentence Petitioner. (Doc. No. 13-2). The California Supreme Court denied review. (Doc. No. 13-4).

Upon remand to the superior court, the prosecutor declined to retry Herrera on the gang enhancements. (Doc. No. 24 at 2). In resentencing, the superior court sentenced Herrera to an indeterminate term of 40-years-to-life on May 1, 2018. (Doc. No. 13-5). Petitioner's judgment was affirmed by the court of appeal on April 23, 2019. (Doc. No. 13-6). Petitioner did not seek review before the California Supreme Court.

Accordingly, Herrera's conviction became final on the expiration of the time for seeking review in the California Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) ("[F]or a state prisoner who does not seek review in a State's highest court, the judgment

becomes "final" on the date that the time for seeking such review expires."); *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008) (Where petitioner "did not petition the California Supreme Court for review," "his conviction became final forty days later."). In California, an appellate court determination is final thirty days after the order is issued. Cal. Rules of Court, rule 8.366(b)(1) ("[A] Court of Appeal decision in a proceeding under this chapter . . . is final in that court 30 days after filing."). Here, the appellate court affirmed Herrera's resentencing on April 23, 2019, and his sentence became final thirty days later, on May 23, 2019. The time for seeking discretionary review before the California Supreme Court expired ten days later, on Monday, June 3, 2019.[4] Cal. Rules of Court, rule 8.500(e)(1) ("A petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court. For purposes of this rule, the date of finality is not extended if it falls on a day on which the office of the clerk/executive officer is closed."). Accordingly, AEDPA's one-year statute of limitations began running the next day, June 4, 2019. Therefore, Herrera had until June 4, 2020 to file his federal habeas petition, absent statutory or equitable tolling. *See Patterson v. Stewart*, 251 F.3d 1243, 1246-47 (9th Cir. 2001) (adopting anniversary method to calculate one-year statutory period). Herrera's initial Petition was filed on August 20, 2019, before the expiration of the one-year federal limitation period. (Doc. No. 1). His Amended Petition filed on September 3, 2020 was filed just shy of three months <u>after</u> the AEDPA deadline. (Doc. No. 20). Petitioner concedes his Amended Petition was filed three months late. (Doc. No. 27 at 1).

### III. ANALYSIS

The Federal Rules of Civil Procedure are applicable to habeas cases "to the extent they are not inconsistent." *Rules Governing Section 2254 Cases*, Rule 12. Federal Rule of Civil Procedure 15 has been made expressly applicable to habeas corpus petitions. 28 U.S.C. § 2242. Rule 15 provides an amendment relates back to the original pleading where "the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Under habeas law, when a

---

[4] Respondent calculates the 10-day period to expire on June 2, 2019. (Doc. No. 24 at 3). Because June 2, 2019 was a Sunday, the 10-day period expired the next business day, on Monday, June 3, 2019.

petitioner raises new grounds in an amended petition, which is filed after the AEDPA's statute of limitations has expired, the new grounds must relate back to a ground in the original, timely filed, petition for the new grounds to be deemed timely. *Mayle v. Felix*, 545 U.S. 644, 650 (2005). In the habeas context, "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id*.

Here, Herrera's second and third claims in the Amended Petition (failure to bifurcate and destruction of records) fail the "time and type" test when considering the claims raised in the initial Petition (even if considering the admittedly unexhausted claims). As for the "time" requirement, the facts supporting the insufficient evidence claim and claims of ineffective assistance of counsel all arose during the evidence phase of the trial. Herrera's claim challenging the sentencing enhancement would have occurred after the trial during the sentencing phase. In contrast, the facts supporting the failure to bifurcate claim (ground two) would have arisen prior to trial in a pretrial motion to bifurcate. The facts supporting the destruction of documents (ground three) would have arisen after the trial concluded, when Herrera was directly appealing his conviction. As for the "type" requirement, the two claims in the Amended Petition are clearly of a different type of claim than the claims asserted in the original Petition. The facts related to trial court error concerning the bifurcation issue or destruction of documents are not the same as claims challenging the sufficiency of evidence, ineffectiveness of trial counsel, or challenges to sentencing. Accordingly, the undersigned finds that grounds two and three do not relate back to any of the grounds, whether exhausted or not, raised in the initial Petition. Because grounds two and three do not relate back, the undersigned recommends that both be dismissed as untimely.[5]

---

[5] The Court recognizes that *Ross v. Williams*, 950 F.3d 1160 (9th Cir. 2020), a recent Ninth Circuit opinion, held that "[i]f a petitioner attempts to set out habeas claims by identifying specific grounds for relief in an original petition and attaching a court decision that provides greater detail about the *facts* supporting those claims, that petition can support an amended petition's relation back." *Id*. at 1167 emphasis added). However, neither party argues, nor does the Court discern, that *Ross* is applicable in the instant matter. Petitioner did append portions of his state court record as an exhibit to his original Petition. However, the exhibit contains facts "unrelated to the grounds for relief asserted" in his original Petition and "those facts were not 'attempted to be set out'" in his original Petition and thus "cannot form a basis for relation back." *Id*. at 1168.

Accordingly, it is **RECOMMENDED**:

Respondent's Motion to Dismiss (Doc. No. 24) be GRANTED and grounds two and three of Petitioner's Amended Petition (Doc. No. 20) be DISMISSED as untimely and Respondent be ordered to only respond to the merits of ground one of the Amended Petition.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     November 15, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE